UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRYSTAL J. BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:07-0935 |
| | ) Judge Bryant |
| TONYA S. CUNNINGHAM, ET AL., | ) ) |
| Defendants. | ) |

To:     The Honorable Robert L. Echols, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons explained below, the undersigned **RECOMMENDS** that the defendants' motion to dismiss for want of subject matter jurisdiction (Docket Entry No. 7) be **GRANTED**, that this action be **DISMISSED** without prejudice, and that any appeal **NOT** be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

## I. INTRODUCTION AND BACKGROUND

The plaintiff is a resident of Clarksville, Tennessee. She brings this action alleging numerous violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Docket Entry No. 1) The plaintiff names Tonya S. Cunningham, Elizabeth S. Moore, and the Clarksville Montgomery County School System as defendants. This action was referred to the Magistrate Judge on October 4, 2007. (Docket Entry No. 2)

On November 27, 2007, the defendants filed a motion to dismiss under Rules 12(b)(1) and (6), Fed. R. Civ. P.; *i.e.*, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Docket Entry No. 7-8) The plaintiff filed a response to the defendants'

motion to dismiss on December 4, 2007 (Docket Entry No. 9), and the defendants replied on March 13, 2008 (Docket Entry No. 10).

## II. ANALYSIS

The defendants argue first that the district court does not have jurisdiction in this matter because the plaintiff has not received a right-to-sue notice from the EEOC. (Docket Entry No. 7; No. 8, ¶¶ II.A, III, pp. 2-3)  When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive a motion to dismiss on those grounds. *Geisse v. Secretary of Dept. of Health and Human Serv's*, __ F.3d __, 2008 WL 1805825 at * 3 (6th Cir. 2008)(citing *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996)).

"[F]or federal courts to have subject matter jurisdiction of Title VII claims, the claimant must first unsuccessfully pursue administrative relief." *Ang v. Procter & Gamble, Co.*, 932 F.2d 540, 544-45 (6th Cir. 1991)(citing *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972)).  The exhaustion of administrative remedies is a condition precedent to a Title VII action. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392-98 (1982).  To exhaust administrative remedies, a plaintiff must file a charge of discrimination in the EEOC within 180 days of the alleged unlawful employment practice, or within 300 days if the plaintiff initiated proceedings with a state or local agency. *See* 42 U.S.C. § 2000e-5(e).  Once the EEOC dismisses the charge and issues a right-to-sue notice, the plaintiff has 90 days to file a civil action in district court. *See* 42 U.S.C. § 2000e-5(f)(1).  Failure to exhaust administrative remedies in the EEOC is an appropriate basis for dismissal of a Title VII action. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

In her response to the defendants' motion to dismiss, the plaintiff attached a copy of a "NOTICE OF DETERMINATION" issued by the Tennessee Human Rights Commission (THRC's

2

notice) on June 21, 2007. (Docket Entry No. 9, Attach. THRC Notice) The THRC's notice provides the plaintiff with three alternatives: 1) to file a written request for reconsideration in the THRC; 2) to file a private action in state court; or 3) to file a private action in federal court. The THRC's instruction for filing a private action in federal court is as follows:

> If a federal law is involved, this agency will send the Equal Employment Opportunity Commission (EEOC) a copy of this notice. The EEOC will then mail the parties a notice of its closure of this case and/or a right to sue in federal court. Such suit must be brought within 90 days of the receipt of the EEOC notice of closure or right to sue.

(Docket Entry No. 9, Attach. THRC Notice, ¶ 3) The plaintiff does not assert in her response that she pursued her remedies in the EEOC. Rather, she maintains that it was her "understanding through [the THRC's] notice . . . [that she] was granted the right to file a private action in federal court . . . within 90 days of receiving th[at] notice."[1] (Docket Entry No. 9, Encl.)

In their reply, the defendants reiterate their position that the plaintiff has " not establish[ed] or prove[d] that she received a Right to Sue Letter from the EEOC . . . ." (Docket Entry No. 10) To that end, the defendants provided a letter from the EEOC dated December 5, 2007 showing that the plaintiff's file remains in the possession of the THRC, the inference being that the plaintiff has not pursued her remedies in the EEOC. (Docket Entry No. 10, Ex. A)

Noting that "it appears from this *pro se* plaintiff's response that she may have misunderstood the issue," the undersigned entered an Order on April 2, 2008 "afford[ing] [the plaintiff] the opportunity to amend her response to the defendants' motion to dismiss." (Docket Entry No. 11)

---

[1] In actuality, the plaintiff was required to proceed with her claim in the EEOC "within thirty days after receiving notice that the [THRC] ha[d] terminated the proceedings. . . ," or 300 days after the alleged actions that gave rise to the complaint, "whichever [wa]s earlier . . . ." 42 U.S.C. § 2000e-5(e)(1).

3

In an effort to clarify the issue for the plaintiff, the undersigned wrote:

> For purposes of clarification, the question before the Court is not whether the plaintiff received a notice of determination from the THRC – the question is whether she received a right to sue letter from the EEOC.

(Docket Entry No. 11)    The undersigned then directed the plaintiff "to provide . . . a copy of both the charge of discrimination that she filed in the EEOC and the right to sue letter that she received from the EEOC," and to do so within 10 days of the date of entry of that Order.   (Docket Entry No. 11)  Although the record shows that the plaintiff signed the certified mail return receipt on April 16 acknowledging receipt  (Docket Entry No. 12), she has yet to respond to that Order.  Neither has she sought an extension of time to do so.

It is the EEOC's action that triggers a plaintiff's right to raise her claims in federal court, not the THRC's.  Because the plaintiff has failed to provide a copy of a right-to-sue notice issued by the EEOC, she has failed to establish that the district court has subject matter jurisdiction in this action.  As previously noted, *supra* at p. 2, it is the plaintiff's burden to establish that the district court has subject matter jurisdiction.  She has not.

For the reasons explained herein, the defendants' motion to dismiss should be granted for want of subject matter jurisdiction.  Inasmuch as the Court does not have subject matter jurisdiction in this action, the Court does not have jurisdiction to address the defendants' motion under Rule 12(b)(6) as to the individual liability of defendants Cunningham and Moore.

### III. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that the defendants' motion to dismiss for want of subject matter jurisdiction  (Docket Entry No. 7) be **GRANTED**, that

4

this action be **DISMISSED** without prejudice, and that any appeal **NOT** be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation (R&R) within which to file with the district court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within the time frames specified may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 2nd day of May, 2008.

 *s/ John S. Bryant*
John S. Bryant
Magistrate Judge